IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | |
| STATERA BIOPHARMA, INC. ) | Case No. 22-13051-JGR |
| ) | |
| ) | Chapter 11 |
| Involuntary Debtor.[1] ) | |
| ) | |

### JOINT MOTION TO DISMISS INVOLUNTARY CASE

COME NOW Noreen Griffin ("**Griffin**"), Peter Aronstam ("**Aronstam**"), Stephen Wilson ("**Wilson**"), Latitude Pharmaceuticals Inc. ("**Latitude**"), and PharPoint Research ("**PharPoint**," collectively with Griffin, Aronstam, Wilson and Latitude, the "**Petitioning Creditors**"), by and through their undersigned counsel, Moye White LLP and The Law Offices of Craig M. Geno, PLLC, and Alleged Debtor Statera Biopharma, Inc. ("**Statera**"), through its undersigned counsel, Reed Smith LLP, and pursuant to 11 U.S.C. § 303(j) and Bankr. R. 1017, for their *Joint Motion to Dismiss Involuntary Case* (the "**Motion**"). In support of the Motion, the Petitioning Creditors state as follows:

### I. INTRODUCTION AND BACKGROUND

1. On August 16, 2022, Petitioning Creditors[2] commenced this involuntary case (the "**Involuntary**") under chapter 11 of the Bankruptcy Code. *See* Docket No. 1.

---

[1] An involuntary petition was filed against Statera Biopharma, Inc. ("**Statera**"), on August 16, 2022. No order for relief has been entered against Statera.

[2] Griffin, Aronstam and Wilson were the initial Petitioning Creditors and Latitude and PharPoint soon thereafter joined the petition. *See* Docket Nos. 7-3 and 20-1.

1

2. Statera filed its *Answer and Affirmative Defenses of Statera Biopharma, Inc.* (the "**Answer**") on September 7, 2022. Docket No. 9. Statera subsequently filed its *Amended Answer and Affirmative Defenses of Statera Biopharma, Inc. to Alleged Involuntary Petition* (the "**Amended Answer**") on September 21, 2022. Docket No. 19.

3. Petitioning Creditors filed their *Reply in Support of Involuntary Bankruptcy Petition and Protective Motion to Dismiss Counterclaims* to both the Answer and Amended Answer on September 22, 2022. Docket No. 21. Statera filed its own *Reply in Support of Answer to Alleged Involuntary Petition and Counterclaims* in support of the Amended Answer on September 26, 2022. Docket No. 22.

4. At a conference before the Court on September 27, 2022, the Court requested the parties file competing briefs on two issues related to a potential trial on the merits of the Involuntary: (a) the applicability of the "bar-to-joinder" doctrine to the Involuntary; and (b) whether the Court should bifurcate issues arising under section 303 of the Bankruptcy Code from issues related to Statera's allegations of bad faith against the Petitioning Creditors.

5. The Court subsequently ruled that a trial on the merits of the Involuntary would not be bifurcated from Statera's allegations that Griffin filed the Involuntary in bad faith and, ultimately, reserved ruling on the applicability of the bar-to-joinder doctrine to the case.

6. The parties have engaged in written discovery and the Court has not yet set a trial on the Involuntary.

7. On March 21, 2023, the Petitioning Creditors and Statera attended mediation in Dallas, Texas, with the Honorable Harlin DeWayne Hale, former judge of the United States Bankruptcy Court for the Northern District of Texas, presiding as mediator.

8. At mediation, the Petitioning Creditors and Statera reached a resolution of this matter pursuant to the Settlement Agreement attached as <u>Exhibit 1</u> (the "**Settlement**").

9. The Petitioning Creditors and Statera hereby provide the Court and all parties notice of the Settlement and move to voluntarily dismiss the Involuntary pursuant to 11 U.S.C. § 303(j) and Fed. R. Bankr. P. 1017.

10. For the avoidance of doubt, the filing of this Motion shall be deemed the consent of both the Petitioning Creditors and Statera as required by 11 U.S.C. § 303(j).

## II. TERMS OF SETTLEMENT

11. The boards of directors for Statera and Immune Therapuetics, Inc. ("**Immune**," a Joining Creditor) have approved the terms of the Settlement.

12. The terms of the Settlement are as follows:

    a. Statera will use commercially reasonable efforts to begin paying general unsecured creditors 85% of the amounts owed to them beginning 120 days after the Involuntary is dismissed. If payment is not made pursuant to this timeline, the amount to be paid to general unsecured creditors will increase according to the following schedule:

        i. 150 days: 90%;

        ii. 180 days: 95%; and

        iii. 210 days or more: 100%;

    b. Within 120 days of the dismissal of the Involuntary, Statera will pay all employees past due payroll plus any restricted stock units as required under the employees' existing agreements with Statera;

    c. Statera waives all claims against the Petitioning Creditors for bad faith under section 303 of the Bankruptcy Code;

    d. Griffin agrees to accept $382,400.00 on account of her assert claims totaling $1,414,000.00 related to license agreements and promissory notes. Griffin's employment claim will be $18,333.33 and will be treated as all other employment claims;

3

    e.    Statera will transfer to Immune all of its interest in TNI Biotech International, Ltd., Immune waives all claims it may have of any kind against Statera, and Statera waives all claims it may have of any kind against Immune;

    f.    Aronstam shall have a claim for unpaid wages in the amount of $50,000.02 and shall be treated as an employee payroll claim. Aronstam reserves his rights to assert severance claims and Statera reserves its rights to object to such severance claims;

    g.    Wilson shall have a claim for unpaid wages in the amount of $86,041.65 and shall be treated as an employee payroll claim. Wilson reserves his rights to assert severance claims and Statera reserves its rights to object to such severance claims;

    h.    PharPoint shall have a claim in the amount of $425,613.28 and will be paid on this claim as a general unsecured creditor;

    i.    Latitude shall have a claim in the amount of $140,194.04 and will be paid on this claim as a general unsecured creditor;

13. The parties to the Settlement agree that all motion practice and discovery will be stayed pending the Bankruptcy Court's dismissal of the Involuntary.

### III. ARGUMENT

14. Rule 1017(a) of the Bankruptcy Rules provides that "a case shall not be dismissed on motion of the petitioner, . . . or by consent of the parties, before a hearing on notice as provided in Rule 2002."

15. Similarly, 11 U.S.C. § 303(j) sets forth that the Bankruptcy Court "may dismiss a petition filed under this section" on motion by the petitioner or on consent of all petitioners and the debtor "[o]nly after notice to all creditors and a hearing[.]"

16. This Motion is filed on consent of the Petitioning Creditors and Statera.

4895-0463-6248.3

17. The Settlement provides for the negotiated treatment of the Petitioning Creditors, trade creditors, Immune (a Joining Creditor), any employees of Statera with unpaid wages or with past due payroll claims, and other general unsecured creditors.

18. The Settlement Agreement provides a pathway for the conclusion of this Involuntary short of having a trial on the merits thereof, and, furthermore, keeps all creditors' rights in-tact in the event the Settlement is not fully performed. Accordingly, the Settlement is fair and reasonable, and supports dismissal of this Involuntary especially in light of the consensual request for dismissal.

19. In furtherance of the consensual dismissal, the parties will serve notice of the Motion on all creditors pursuant to Fed. R. Bankr. P. 2002.

### IV. CONCLUSION

20. The Petitioning Creditors and Statera respectfully request that the Court dismiss the Involuntary, in furtherance of the Settlement Agreement attached as <u>Exhibit 1</u> hereto, in accordance with Bankr. P. 2002, L.B.R. 2002-1, and L.B.R. 9013-1.

Dated: May 1, 2023.  Respectfully submitted,

**LAW OFFICES OF CRAIG M. GENO, PLLC**

By: */s/ Craig M. Geno*
Craig M. Geno
Law Offices of Craig M. Geno, PLLC
587 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel: (601) 427-0048
Fax: (601) 427-0050
cmgeno@cmgenolaw.com
*Counsel to Petitioning Creditors Noreen Griffin, Peter Aronstam, Stephen Wilson Latitude Pharmaceuticals, Inc., and PharPoint Research*

--and--

By: */s/ Timothy M. Swanson*
Timothy M. Swanson (Colorado No. 47267)
MOYE WHITE LLP
1400 16th Street 6th Floor
Denver, Colorado 80202-1486
Tel: (303) 292-2900
Fax: (303) 292 4510
Tim.Swanson@moyewhite.com
*Counsel to Petitioning Creditors Noreen Griffin, Peter Aronstam, Stephen Wilson Latitude Pharmaceuticals, Inc., and PharPoint Research*