IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| STATERA BIOPHARMA, INC., | ) Case No. 22-13051-JGR |
| | ) |
| | ) Chapter 11 |
| Involuntary Debtor. | ) |
| | ) |

**ORDER GRANTING JOINT MOTION TO DISMISS INVOLUNTARY CASE**

THIS MATTER came before the Court upon Noreen Griffin, Peter Aronstam, Stephen Wilson, Latitude Pharmaceuticals Inc., PharPoint Research (collectively, the "Petitioning Creditors"), and alleged debtor, Statera Biopharma, Inc.'s ("Statera" and together with the Petitioning Creditors, the "Movants") *Joint Motion to Dismiss Involuntary Case* (the "Motion"); the Court having considered the Motion and any objections and responses thereto; the Court having found that notice of the Motion is proper under the circumstances; and the Court being otherwise advised in the premises of the Motion hereby **FINDS**:

A. The Petitioning Creditors and Statera voluntarily attended a mediation on March 21, 2023.

B. As a result of the mediation, the Petitioning Creditors and Statera entered into a certain settlement agreement attached to the Motion as Exhibit 1.

C. Avenue Venture Opportunities Fund, L.P. ("AVOF") filed an objection to the Motion (Doc #103), which objection has been resolved by the Movant's agreement to modify the original settlement agreement as incorporated into to this proposed Order.

1

4886-7494-2847.3

D. The Motion and this order is submitted on consent of all Petitioning Creditors, Statera and AVOF pursuant to 11 U.S.C. § 303(j)(2).

**THE MOVANTS HEREBY STIPULATE AND THE COURT HEREBY ORDERS**:

1. The Motion is granted solely to the extent set forth herein.

2. The involuntary petition is dismissed pursuant to 11 U.S.C. § 303(j)(2).

3. Any claims for bad faith that Statera may hold against the Petitioning Creditors under 11 U.S.C. § 303 are waived by Statera.

4. Noreen Griffin ("Griffin") asserts claims totaling $1,414,000 for license agreements and promissory notes. Griffin agrees to accept $382,400 on account of such claims.

5. Griffin's employment claim will be $18,333.33 and it will be treated as all other employment claims.

6. Immune Therapeutics, Inc. ("Immune") waives all claims it may have of any kind against Statera. Statera waives all claims it may have of any kind against Immune.

7. Peter Aronstam ("Aronstam") shall have a claim for unpaid wages in the amount of $50,000.02. Aronstam reserves his rights to assert severance claim and Statera reserves its rights to object to such severance claims.

8. Steve Wilson ("Wilson) shall have a claim for unpaid wages in the amount of $86,041.65. Wilson reserves his rights to assert severance claims, and Statera reserves its rights to object to such severance claims.

9. PharPoint Research shall have a claim in the amount of $425,613.28.

10. Latitude Pharmaceuticals shall have a claim in the amount of $140,194.04.

11. Unless otherwise set forth herein, all rights of creditors, interest holders and other parties in interest of Statera (including, but not limited to AVOF) are hereby preserved and have not been waived or modified in any way by this Order.

12. This Court shall retain jurisdiction with respect to any matters related to or arising from the implementation, interpretation, or enforcement of this Order.

4886-7494-2847.3

DATED: September 20, 2023

BY THE COURT

_____
Honorable Joseph G. Rosania, Jr.,
United States Bankruptcy Judge